Catron, Ch. J.
delivered the opinion of the court.
Formerly it was required that grand jurors should be freeholders. The act of 1809, ch. 119, declared eve *275 ry white male citizen, being a householder, and twenty-one years of age, shall be deemed legally qualified to act as a grand or petit juror, except in cases, the venue of which has been changed.
Suppose an indictment was found by a grand jury, no person composing of which was qualified? All will admit the indictment would be merely void in fact, and ought not to be answered if the fact was made legally to appear. So if any one be incompetent, it is equally void, because the proper number to constitute the grand inquest is wanting; and because he who is incompetent shall not be one of the triers of the offence at any stage of the prosecution. There seems at some early stage of the proceeding by indictment, to have been some doubt whether the indictment was void, because of the incompetency of one of the grand jurors, to set which at rest, the II Henry 4, ch. 9, enacted, “that any indictment taken by a jury, one of whom is unqualified, shall be altogether void and of no effect.” 1 Chitty’s Crim. Law, 307: State vs. Bennett, Martin and Yerger’s Rep. 135.
The authorities cited shew, that the proper, and almost only mode of taking advantage of the objection is by plea in abatement. The judgment, therefore, must be affirmed.
Judgment affirmed.